IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JFF and ACF on behalf of ALF, a minor child. | : | No. |
| Plaintiffs, | : | (Complaint filed June 24, 2014) |
| v. | : | |
| SHIKELLAMY SCHOOL DISTRICT, DIXIE BARTH, | : | JURY TRIAL DEMANDED |
| Defendants. | : | (Electronically Filed). |

## COMPLAINT

COME NOW Plaintiffs JFF and ACF on behalf of ALF, a minor child, by and through their counsel, Kymberley L. Best, JD and Timothy A. Bowers, JD and make the following Complaint:

1. Plaintiffs JFF and ACF are adult individuals bringing this action on behalf of their daughter, ALF. During the 2013-2014 school year, JFF, ACF and ALF lived within the geographic territory of the Shikellamy School District, Northumberland County, Pennsylvania.

2. Defendant Shikellamy School District ("Shikellamy") is a school district organized under the Public School Code of 1949 and having its primary place of business at 200 Island Boulevard, Sunbury, Northumberland County, Pennsylvania.

3. Defendant Dixie Barth ("Barth") is an adult individual who, at all relevant times herein, was employed as a principal at Priestley Elementary School ("Priestly"), a school that is run by Shikellamy. Barth is sued in her individual and official capacities.

4. The Court has jurisdiction over the claims asserted herein pursuant 28 U.S.C.A. 1331, 28 U.S.C.A. 1332, and 28 U.S.C.A. 1367

## COUNT I - VIOLATION OF TITLE IX - 20 U.S.C.A. 1681

5.   Paragraphs 1 through 4 of this Complaint are hereby restated and reincorporated by reference as though fully set forth.

6.   During the 2013-2014 school year, Shikellamy budgeted to receive, and actually received federal funds in the approximate amount of $1,362,233.00.

7.   During the 2013-2014 school year, ALF was a kindergarten student at Shikellamy's Priestley Elementary School ("Priestley").

8.   ALF was assigned to the classroom of Talisha Swanger a/k/a Talisha Griner ("Swanger"), a teacher at Priestley.

9.   On December 11, 2013, while in art class at Priestley, a male student, AK, dropped his pants and exposed himself to ALF.

10.  ALF told the art teacher, Mrs. Rasche.

11.  Mrs. Rasche instructed AK to sit down.

12.  Mrs. Rasche took no other action.

13.  On December 12, 2013 ACF sent an email to Swanger objecting to AK's behavior and asking how it was addressed.

14.  Barth telephoned ACF.

15.  Barth indicated that AK admitted to exposing himself to ALF.

16.  Barth stated that kids would be kids, and that happens sometimes.

17.  In response, Barth had AK's desk moved to the front of the classroom.

18.  After this incident, AK began to give ALF small gifts such as Chapstick and indicated his interest in ALF.

19. ACF told Barth that this was inappropriate given the earlier incident.

20. No employee of Shikellamy took other action.

21. ACF requested that Swanger and Barth not let ALF and AK alone.

22. Swanger and Barth did not ensure that ALF and AK would not be left alone.

23. On or about January 17, 2014, while in class, AK followed ALF about the cafeteria

24. AK asked whether he could kiss ALF.

25. ALF said that AK could not kiss her.

26. AK again pressured ALF to kiss her.

27. AK then kissed ALF.

28. The kiss was unwanted by, and offensive to ALF.

29. Other children observed and told cafeteria aid.

30. ALF was punished for being kissed by AK by taking away the privilege of participation in 100th Day activities.

31. Upon learning of this, ACF emailed Swanger to express her concern and to request a meeting with Swanger and Barth.

32. Swanger responded that she would send the "concern/suggestion" to Barth.

33. A meeting was scheduled on January 24, 2014 at 3:00.

34. ACF attended the meeting with Barth, Swanger and AK's parents.

35. No action was taken as a result of the January 24, 2014 meeting.

36. On or about January 31, 2014, while in class, AK groped ALF's buttocks.

37. ALF reported this to ACF after school.

38. ACF immediately emailed Swanger to request a telephone call.

39. Swanger called and ACF related details concerning the groping.

40. Swanger indicated that she would inform Barth.

41. On February 1, 2014 Barth called ACF and suggested moving ALF to another classroom for making false accusations.

42. On February 3, 2014 ACF informed Barth that moving ALF was unacceptable as it would be disruptive and punishing to ALF.

43. ACF suggested that AK be moved to another classroom.

44. Barth refused to move AK to another classroom.

45. Barth said that ALF's allegations were just a story that could not be verified.

46. Barth indicated that she would promptly inform all teachers to keep AK away from ALF.

47. Barth did not promptly notify all teachers to keep AK away from ALF.

48. On April 16, 2014 ALF told ACF that AK sits next to ALF in RTII class.

49. In RTII class, AK watched for the RTII teacher to be looking the other way.

50. When the RTII teacher was tying another student's shoe, AK put his hands down ALF's pants and inside her underwear and rubbed ALF.

51. ALF was afraid to report this to the teacher.

52. On April 16, 2014, ACF sent four emails to Swanger to ask whether AK and ALF were in RTII class together. ACF was previously told by Shikellamy officials that ALF and AK would not be in RTII together. However, Shikellamy placed ALF and AK back in RTII together

during the fourth quarter. Shikellamy made this placement without the knowledge or consent of ACF and JFF.

53. Swanger never replied.

54. On the morning of April 17, 2014 Barth telephoned ACF and indicated that AK and ALF were in RTII class together.

55. ACF demanded an immediate meeting meeting with Barth and Swanger.

56. Barth agreed to a meeting and said that the incident should never have happened.

57. En route to Priestley, ACF called the Superintendent.

58. The Superintendent and did not return the call.

59. ACF and JFF kept their children home from school that day fearing that they would not be safe.

60. ACF and JFF went to the meeting at Priestley.

61. Barth was present at the meeting along with the guidance counselor.

62. During a discussion of the incident, the guidance indicated that he had never previously been informed about AK's conduct toward ALF.

63. Barth requested to hear ALF say what happened.

64. ALF related what happened.

65. Barth replied that she believed ALF.

66. ACF and JFF left the meeting.

67. ACF and JFF kept ALF home from school for a week, fearing for ALF's safety.

68. During that week, ACF called the superintendent to discuss the situation.

69. The superintendent was shocked and apologized.

70. Wanting ALF back in school, and without any better option, ACF agreed to put ALF back in school in a different classroom.

71. At all times, ACF and JFF attempted to work with Shikellamy to address problems associated with AK's behavior.

72. Shikellamy has failed to adequately address problems associated with AK's behavior.

73. ACF was subjected to sexual harassment by AK.

74. The sexual harassment occurred in circumstances in which Shikellamy exercised substantial control over AK and the circumstances in which the harassment occurred.

75. Shikellamy had actual knowledge of the sexual harassment.

76. Shikellamy was deliberately indifferent to the sexual harassment.

77. The harassment was so severe, pervasive and objectively offensive that it deprived ALF of access to educational opportunities or benefits provided by Shikellamy.

78. As a direct and proximate result, ALF has suffered loss of time in school, change in educational placement, embarrassment and humiliation.

WHEREFORE, Plaintiffs JFF and ACF on behalf of ALF, a minor child, respectfully requests that the Honorable Court enter judgment in their favor for compensatory damages in excess of jurisdictional thresholds, punitive damages, costs of suit, counsel fees, prejudgment interest and post-judgment interest.

DATE: June 23, 2014

Respectfully submitted,

BEST LAW OFFICES, LLC

_____
Kymberley L. Best, PA94596
20 North Front Street
PO Box 88
Sunbury, PA 17801
570-495-4716
fax 866-495-2818
kymberleybest@att.net
Counsel for Plaintiff

TIM BOWERS LAW OFFICE

_____
Timothy A. Bowers, PA77980
20 North Front Street
PO Box 88
Sunbury, PA 17801
570-275-1110
fax 866-495-2818
timbowers@timbowerslaw.com
Counsel for Plaintiff